925 F.2d 1462
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
E.G. DABOR, Plaintiff-Appellant,
v.
DAYTON POWER & LIGHT COMPANY, Defendant-Appellee.
 No. 90-3307.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1991.
 
 On Appeal from the United States District Court for the Southern District of Ohio, No. 84-60507: Rice, J.
 S.D.Ohio
 AFFIRMED.
 Before MERRITT, Chief Judge, NATHANIEL R. JONES, Circuit Judge, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Dabor, a black male, sued Dayton Power & Light Company (Dayton) alleging that his termination from Dayton violated both 42 U.S.C. Sec. 2000e and 42 U.S.C. Sec. 1981, and also constituted a breach of an implied employment contract. A native of Nigeria, Dabor was hired in 1979 as a financial and accounting analyst in its systems accounting department. Before hiring Dabor, Dayton's representative told him about a six month evaluation. Dayton did not give employees any written policy concerning reasons for discharge. Dabor worked for Dayton for fifteen months; he was evaluated approximately six months after hire and again prior to termination. The later evaluation was delayed in order to give a new supervisor time to work with Dabor before evaluation. Dabor refused to read the second evaluation when presented to him for review, and was terminated for gross insubordination.
 
 
 2
 The district court granted Dayton's motion to dismiss the Title VII claim and granted a directed verdict on the employment contract claim. Following this decision, Dabor's original attorney received permission to withdraw as counsel. There was a motion for a judgment on the pleadings as to the Sec. 1981 claim based on the Supreme Court decision of Patterson v. McLean Credit Union, 491 U.S. 164 (1989). The district court granted this motion holding that all allegations in Dabor's complaint relating to the Sec. 1981 claim were related to post-contract formation conduct. After denial of his motion for reconsideration, Dabor filed this appeal.
 
 
 3
 The decision to dismiss Dabor's Title VII claim under Federal Rule of Civil Procedure 41(b) is subject to review under a clearly erroneous standard. Hersch v. United States, 719 F.2d 873 (6th Cir.1983). Decision on a Rule 41(b) motion is rendered without making any special inferences in favor of the non-moving party. Id. at 876.
 
 
 4
 We consider this claim of racial discrimination with attention to the following questions: (1) was plaintiff a member of a protected class? (2) was plaintiff subjected to adverse employment action on account of his race? (3) was plaintiff qualified for the position at issue? and (4) was plaintiff replaced by a person not a member of plaintiff's protected class? McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Gagne v. Northwestern Nat'l Ins., 881 F.2d 309, 313 (6th Cir.1989). The employer bears the burden to produce a legitimate non-discriminatory reason for the adverse employment action. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Once this burden upon the employer is carried, plaintiff must produce direct, indirect, or circumstantial evidence rebutting the employer's proffered reason for termination as pretextual or not legitimate. Wards Cove Packing Co. v. Antonio, 490 U.S. 642 (1989). "Unless the plaintiff introduces counter-affidavits and argumentation that demonstrate that there is reason to disbelieve this particular explanation, there is no genuine issue of material fact." Healey v. New York Life Ins., 860 F.2d 1209, 1215-16 (3d Cir.1988), cert. denied, 109 S.Ct. 2449 (1989).
 
 
 5
 Dabor failed to show that he was replaced by a member outside the protected class. The district court, nevertheless, continued its analysis as if plaintiff had made out a prima facie case concluding that Dabor was fired for reasons other than his race. The district court found that it was Dayton's practice to require employees to read their evaluations and that Dabor refused without any legitimate reason, noting that Dabor's unread evaluation included a raise which belied his claims of a racially motivated discharge. The district court concluded that Dabor did not carry his burden to show he was treated differently from other employees. Dayton's recommendation that he try to improve his English was reasonable and not race related since Dabor had a strong accent.
 
 
 6
 The district court's determination that Dabor had failed to prove his prima facie case was sufficient ground for our affirmance, but it also appears there was not clear error in its determination that Dabor had not shown Dayton's reason for dismissal to be pretextual. Failure to ask all employees with speech problems to take an English course does not constitute a showing of racial discrimination under the circumstances. It was not clear error for the court to conclude that any such difference in treatment was not related to national origin.
 
 1. Implied contract of employment
 
 7
 Directed verdicts under Federal Rule of Civil Procedure 50(a) are decided by the trial judge on the basis of the evidence viewed in the light most favorable to the non-moving party. Hersch, 719 F.2d at 876-77. The general rule in Ohio is that employment is at-will unless there are "facts and circumstances which indicate that the agreement is for a specific term." Henkel v. Educational Research Council, 45 Ohio St.2d 249, 251, 344 N.E.2d 118, 119 (1976). The district court considered Dayton's guide for employee conduct, which listed a number of specific acts that could result in termination but also stated that the stated reasons were non-exclusive. There was no written contract of employment, and insubordination was listed in the guide as a grounds for termination. That Dabor had never seen the guide before termination, does not assist his claim of an implied agreement not to be discharged except for good cause. Mers v. Dispatch Printing Co., 19 Ohio St.3d 100, 483 N.E.2d 150 (1985), cited by Dabor, does not constitute authority to the contrary.
 
 
 8
 In Mers, the Ohio Supreme Court found that the doctrine of promissory estoppel could be applied to change an "at-will" contract to a "just cause" contract. The court stated that "[t]he test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." Id. at 105, 483 N.E.2d at 155.
 
 
 9
 In the present case, Dabor was offered a job and no other specific terms were included in the job offer. Dabor claimed that the interview and hiring process led him to conclude that he would remain employed unless there was just cause for his dismissal after he finished a probationary period. We find no error in the reasons stated by the district court in support of its decision on this claim. See Reid v. Sears, Roebuck & Co., 790 F.2d 453, 460 (6th Cir.1986); Dell v. Montgomery Ward & Co., 811 F.2d 970, 974 (6th Cir.1987); Boynton v. TRW, Inc., 858 F.2d 1178 (6th Cir.1988).
 
 2. Dabor's Section 1981 claim
 
 10
 In Patterson v. McLean Credit Union, 491 U.S. 164 (1989), the Supreme Court held that Sec. 1981 applies to conduct involved at the initial formation of a contract. Since Dabor's case raises an issue which arises after a contract of employment was concluded, the claim does not come within the protection of Sec. 1981. See Prather v. Dayton Power & Light Co., 918 F.2d 1255 (6th Cir.1990). "Patterson did not address the issue of discharge directly, but it did explicitly limit the application of section 1981 to discrimination in the formation or enforcement of contracts. Discharge from employment involves neither of these elements." We noted in Prather that Patterson is to be applied retroactively. See id. at 1258 & n. 4.
 
 
 11
 We, accordingly, AFFIRM the decision of the district court in all respects and for the additional reasons stated by the court in its opinion.
 
 
 12
 NATHANIEL R. JONES, Circuit Judge, concurring in the judgment.
 
 
 13
 I agree with the majority's determination that the facts of this case do not support a finding under any theory that Dabor was fired because of his race. I write separately, however, to affirm my conviction, articulated fully in my dissent in Wilmer v. Tennessee Eastman Kodak, 919 F.2d 1160, 1164-68 (6th Cir.1989), that the Supreme Court's decision in Patterson v. McLean Credit Union does not foreclose suits under Sec. 1981 for discriminatory contract termination. For the reasons given in Wilmer, I believe the correct interpretation of Patterson with respect to contract terminations was articulated by the Eighth Circuit in Hicks v. Brown Group, Inc., 902 F.2d 630 (8th Cir.), reh'g en banc denied, 902 F.2d 630 (1990) (allowing an action for discriminatory discharge under Sec. 1981 holding that the right to make contracts was unlawfully impacted by enabling employers fire employees on the basis of race). Therefore, I believe the majority's reliance on Prather v. Dayton Power & Light Co., 918 F.2d 1255 (6th Cir.1990) to bar Dabor's Sec. 1981 claim is misplaced. However, since the facts of this case preclude a finding of discriminatory discharge, even under the legally correct Hicks interpretation of Sec. 1981, I concur.